UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE JOHNSON,

              **Plaintiff,**        :

                                    **Case No. 2:26-cv-29**
**v.**                           **Chief Judge Sarah D. Morrison**
                                      **Chief Magistrate Judge Stephanie**
WARDEN CYNTHIA DAVIS,        **K. Bowman**
*et al.*,                 :

              **Defendants.**

## OPINION AND ORDER

Plaintiff, a prisoner proceeding without the assistance of counsel, moved for leave to proceed *in forma pauperis*. (ECF No. 1.) The Magistrate Judge granted Plaintiff's motion. (Order, ECF No. 24.) Plaintiff filed an "Emergency Opposition" to the Magistrate Judge's Order, which the Court construes as an Objection. (ECF No. 27.) For the reasons below, Plaintiff's Objection is **OVERRULED**.

In her Order, the Magistrate Judge permitted Plaintiff to prosecute this action without prepayment of fees but observed that Plaintiff must still pay the full $350 filing fee. (ECF No. 24, PAGEID # 503–05.) So, the Magistrate Judge ordered Plaintiff to "pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to Plaintiff's prison account or the average monthly balance in Plaintiff's account for the six-month period immediately preceding the filing of the complaint." (*Id.*) The Magistrate Judge further required Plaintiff to "make monthly payments of 20 percent of the preceding month's income credited to

Plaintiff's prison account until Plaintiff pays the full amount of the $350 filing fee."
(*Id.*) Separately, because Plaintiff filed over a dozen motions after moving for leave
to proceed *in forma pauperis* (*see* ECF Nos. 3, 4, 8–13, 16, 20–23), the Magistrate
Judge directed Plaintiff to cease filing documents in this case (unless he is notifying
the Court of an emergency or a change in his address) until after the Magistrate
Judge conducts an initial screen of his Complaint pursuant to 28 U.S.C. §§ 1915(a)
and (e)(2).[1] (*Id.*)

Plaintiff lodges two objections. First, he represents that his account was
charged $14.75 and argues that this charge is contrary to the Magistrate Judge's
allowance of *in forma pauperis* status. (ECF No. 27, PAGEID # 569.) Second, he
takes issue with the filing restriction and asserts that it amounts to "one of many
attempts to sabotage his case." (*Id.*)

The Court considers Plaintiff's objections under Federal Rule of Civil
Procedure 72.

Initially, the Magistrate Judge correctly observed that, though Plaintiff may
proceed without the *prepayment* of fees, he is still required to "pay the full amount
of a filing fee," and the Court "shall assess and … collect … an initial partial filing
fee" notwithstanding his *in forma pauperis* status. 28 U.S.C. § 1915(b). Indeed, the
form motion for leave to proceed without prepayment of fees that Plaintiff
submitted (ECF No. 1) explicitly advises this. That form motion also indicates that

---

[1] Plaintiff did not follow this directive, as evidenced by his "Third Motion for
Clarification" that was filed on April 10, 2026—two weeks after the Magistrate
Judge's Order was entered. (ECF No. 25.)

"[b]y filing the complaint, a prisoner waives any objection to the fee assessment by the Court" and that "the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs." (*Id.*, PAGEID # 3.) Thus, insofar as the charge on his account represents the initial partial filing fee, his argument fails.

Next, "trial courts have inherent power to control their dockets," and "docket control" is a matter "best left to the discretion of the trial court." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 669 (6th Cir. 2024) (citation omitted). Considering the volume and frequency at which Plaintiff previously submitted materials and given that the Magistrate Judge has yet to conduct even an initial screen of this case, the Court finds no error in the Magistrate Judge's restriction. Plaintiff is hereby **WARNED** that any further submission of filings in violation of the Magistrate Judge's Order may result in the imposition of sanctions.

For the reasons herein, Plaintiff's Objection (ECF No. 27) is **OVERRULED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3