**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MAURICE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN CYNTHIA DAVIS, *et al*.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-29<br><br>Chief District Judge Sarah D. Morrison<br>Chief Magistrate Judge Stephanie K. Bowman |

## REPORT AND RECOMMENDATION

On February 9, 2026, plaintiff, a State inmate, proceeding pro se, filed a 27-page, largely single-spaced, complaint against 17 Defendants. (Doc. 6).

Prior to screening the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court issued a Deficiency Order on July 28, 2026, identifying numerous deficiencies in the complaint that plaintiff was told must be remedied before this action could proceed. (*See* Doc. 40). The Deficiency Order explained that plaintiff's complaint: (1) did not contain a short and plain statement of the claims plaintiff seeks to bring in violation of Federal Rule of Civil Procedure 8, and (2) appeared to bring unrelated claims involving different defendants in a single lawsuit in violation of Federal Rules of Civil Procedure 18 and 20. (*Id*. at PageID 639-41). In lieu of dismissing the complaint, plaintiff was given the opportunity to file an amended complaint within 30 days. (*Id*. at PageID 641).

Observing that plaintiff had not responded to the Order, on October 1, 2026, the Court gave him a second opportunity to file an amended complaint. In the Order, plaintiff was warned that his failure to comply with the Order would result in the dismissal of this action for want of prosecution. (Doc. 45, at PageID 659).

Instead of complying with the Court's July 28 or October 1, 2026 Orders, plaintiff filed a motion, on October 19, 2026, setting forth the above procedural history (*see* Doc. 46, at PageID 661) and requesting that the Court enter a Report and Recommendation without delay. (*See id*., at PageID 660, 662).

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's July 28 and October 1, 2026 Orders. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

October 21, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
UNITED STATES CHIEF MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).